

FILED

NOV 0 2 2017

Clerk, U S District Court
District Of Montana
Billings

**Brendan McCarthy**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 2nd Avenue North, St. 3200**
**Billings, Montana 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6058**
**Email: brendan.mccarthy@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 16-107-BLG-SPW** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | |
| **JOSHUA LEE HAGEN,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Brendan McCarthy, Assistant United States

Attorney for the District of Montana, and the defendant, Joshua Lee Hagen, and

the defendant's attorney, Ashley A. Harada, have agreed upon the following:

1.    **Scope:** This plea agreement is between the United States Attorney's

Office for the District of Montana and the defendant. It does not bind any other



AUSA    DEF    ATTY    Date

Page 1

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.     **Charges:** The defendant agrees to plead guilty to count I of the indictment, which charges the crime of conspiracy to possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. § 846. This offense carries a maximum punishment of ten years to life imprisonment, a $10,000,000 fine, five years of supervised release, and a $100 special assessment.

The defendant also agrees to abandon all right title and interest in the property described in count VIII of the indictment and the firearms recovered from Hagen's residence on October 13, 2016, execute a release and waiver to that effect, or agree to the entry of an Order of Forfeiture transferring the property to the United States.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts II and VIII of the indictment.

3.     **Nature of the Agreement:** The parties agree that this plea agreement will be governed by:

Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States:  a) moves to dismiss, and the Court agrees to dismiss, counts II and VIII of the indictment and does not pursue other charges against the defendant; and b)

makes the recommendations provided below.  The defendant understands that if the agreement is accepted by the Court, and counts II and VIII are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

**4.     Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of the charge contained in count I of the indictment.  In pleading guilty, the defendant acknowledges that:

### Conspiracy to Possess with Intent to Distribute and Distribute Methamphetamine – count I

First, there was an agreement between two or more people to possess with intent to distribute and distribute methamphetamine; and

Second, the defendant entered the agreement knowing of its objectives and intending to accomplish at least one of those objectives.

Additionally, while not a formal element of the offense, the government would also have to prove beyond a reasonable doubt that the conspiracy involved 500 or more grams of a substance containing a detectable amount of methamphetamine.

**5.     Waiver of Rights by Plea:**

(a)     The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)     The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)     The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(d)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

AUSA     DEF     ATTY     Date                                          Page 4

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

| | | | | |
|---|---|---|---|---|
| AUSA | DEF | ATTY | Date | Page 5 |

(k)    If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.    **Recommendations:**  The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The parties reserve the right to make any other arguments at the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

7.    **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

AUSA    DEF    ATTY    Date                                                    Page 6

8.      **Appeal Waiver:**  The defendant understands that the law provides a

right to appeal and collaterally attack the sentence imposed in this case.  Based on

the concessions made by the United States in this case, the defendant knowingly

waives any right to appeal the sentence and any right to bring any other post-

conviction attack on the sentence.  The defendant specifically agrees not to file a

motion under 28 U.S.C. § 2255 or § 2241 attacking the sentence.  This waiver does

not prohibit the right to pursue or maintain such an action alleging ineffective

assistance of counsel.

9.      **Voluntary Plea:**  The defendant and the defendant's attorney

acknowledge that no threats, promises, or representations have been made to

induce the defendant to plead guilty, and that this agreement is freely and

voluntarily endorsed by the parties.

10.      **Detention/Release After Plea:**  Pursuant to 18 U.S.C. § 3143(a)(2),

the defendant acknowledges that the defendant will be detained upon conviction

unless (A)(i) the Court finds there is a substantial likelihood that a motion for

acquittal or new trial will be granted or (ii) this agreement provides that the United

States will recommend that no sentence of imprisonment be imposed and (B) the

Court finds, by clear and convincing evidence, that the defendant is not likely to

flee or pose a danger to any other person or the community.  Then, if exceptional

circumstances exist, the defendant may be released upon conditions.

| AUSA | DEF | ATTY | Date | Page 7 |

11.    **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

12.    **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

Brendan McCarthy
Assistant U. S. Attorney
Date: 11/2/17

Joshua Lee Hagen
Defendant
Date: 11/1/17

Ashley A. Harada
Defense Counsel
Date: 11/1/17

AUSA    DEF    ATTY    Date